NO. 07-08-0451-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 14, 2009
_____

BRYAN S. HALL,

Appellant

v.

XCEL ENERGY, INC., SOUTHWESTERN PUBLIC SERVICE
COMPANY d/b/a XCEL ENERGY and DWAYNE MARCHBANKS,

Appellees
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 94392-A; HON. RICHARD DAMBOLD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Bryan S. Hall (Hall) appealed from a summary judgment denying him relief against Xcel Energy, Inc. (Xcel). The suit involved the recovery of damages arising from a fall that occurred during Hall's employment as a linesman. Hall sued not only Xcel but also Southwestern Public Service Co. (SPS) and Dwayne Marchbanks, his supervisor. Though summary judgment was granted in favor of each of the defendants, only that aspect of the judgment involving Xcel's liability was appealed. We affirm the summary judgment.

The record before us discloses that Xcel, SPS, and Marchbanks jointly moved for summary judgment. In their motion and under the heading "Factual Background and Basis of the Motion," the movants stated that "*Defendants* bring this Motion . . . seeking dismissal of the Plaintiff's case *in its entirety* on the basis that his claims are barred by the exclusivity provision of the Texas Workers' Compensation Act . . . ." (Emphasis added). This passage was followed by another that read: "[i]n addition, Xcel Energy, Inc. moves for judgment on the basis that there is no evidence that it committed any act or omission connected in any way to Plaintiff's accident." To the foregoing, we add that the movants also described, in the motion, what they meant by the word "Defendants"; it encompassed all three of them (*i.e.* Xcel, SPS, and Marchbanks). Given this definition, we conclude that Xcel sought insulation from liability on at least two grounds. The first concerned the allegation that the Worker's Compensation Act provided Hall with his exclusive remedy, while the second involved the matter of Xcel committing any act or omission upon which liability could be based.[1] This is of import because the trial court did not state the basis upon which it awarded summary judgment to Xcel.

Where multiple grounds for summary judgment are alleged and the trial court does not specify the particular one underlying its decision, the appellant's burden is heightened. He must illustrate why none support the ruling. *Star-Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex. 1995). Thus, Hall was obligated to show why none of the grounds we noted

---

[1]Several other grounds were also alleged which solely encompassed Xcel's liability. They included an allegation that Xcel could not be held liable simply because it was the parent company of SPS and that Xcel owed no legal duty to Hall who happened to be an employee of SPS.

above entitled Xcel to relief.[2]   However, the three appellate issues before us omit discussion about the Worker's Compensation Act providing Hall his exclusive means of redress against Xcel.  Thus, he not only failed to carry the burden imposed upon him by the Texas Supreme Court in *Star-Telegram* but also failed to prove that the trial court erred in granting Xcel the relief it sought.

Accordingly, we affirm the trial court's summary judgment.


Brian Quinn
Chief Justice

---

[2]That the trial court could have been induced to conclude that the Worker's Compensation Act provided Hall his sole remedy against Xcel is quite reasonable.  For instance, the particular summary judgment ground was worded in such a way so as to expressly include Xcel.  Next, Xcel argued, via the motion, that it was covered by a worker's compensation insurance policy, that policy being the one SPS acquired.  Finally, Hall himself argued, in his response to the motion, that "Xcel directly and/or through its various agent companies *may be the employer of Hall* . . . ."  (Emphasis added).  So, it may well be that the trial court found the Compensation Act and its exclusivity provision applicable to the dispute between Xcel and Hall.  And, this in turn obligated Hall to show on appeal why it was not.